**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**GEORGE EMAD ANGELY EBIED**,

*Petitioner*,

v. Case No. 2:26-cv-03449-BCL-tmp

**CHRISTOPHER BULLOCK**, Field Officer Director, New Orleans Field Office, U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations,

*Respondent*.

---

**ORDER DENYING PETITION AND MOTION FOR TRO**

---

Petitioner filed a Petition for Writ of Habeas Corpus (Doc. 1) and a Motion for Temporary Restraining Order (Doc. 2).[1] At the Court's direction, Respondent provided a response, Doc. 7, to which Petitioner replied, Doc. 9. For the reasons that follow, the Petition is **DENIED** and the related Motion for Temporary Restraining Order is **DENIED** as moot.[2]

In his Petition, Petitioner challenged his detention pending his appeal from an order of removal. Doc. 1 at 2. As relevant here, Petitioner sought two forms of relief: (1) a declaration that his detention is unlawful "because Respondent has improperly classified Petitioner as subject to

---

[1] The Court **GRANTS** the Motion of Petitioner's Counsel for Admission Pro Hac Vice. Doc. 8. Counsel for Petitioner, Sherif Bishara, is hereby admitted pro hac vice.

[2] The Motion for Temporary Restraining Order would independently fail on the merits because Petitioner has failed to show irreparable harm: Despite his cursory assertions, Petitioner never explains—much less shows—how a transfer outside of the Western District of Tennessee would have interfered with his access to counsel in New Jersey, nor how it would delay his immigration proceedings. *See, e.g.*, *James B. Oswald Co. v. Neate*, 98 F.4th 666, 672 (6th Cir. 2024) (quoting *Union Home Mortg. Corp. v. Cromer*, 31 F.4th 356, 366 (6th Cir. 2022)) ("[W]here there is no likelihood of *either* success on the merits *or* irreparable harm, an injunction is unwarranted—regardless of the showing on the other factors.").

mandatory detention under 8 U.S.C. § 1225(b)(2)(A) when his detention is properly governed by 8 U.S.C. § 1226(a)"; and (2) a prompt individualized bond hearing as required under 8 U.S.C. § 1226(a). In response, Respondent agreed: (1) that Petitioner is detained under Title 8, United States Code Section 1226, Doc. 7-3, and (2) that Petitioner is entitled to a custody redetermination hearing subject to *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). Doc. 7 at 1–2. In fact, such a hearing was scheduled for November 18, 2026. Doc. 7 at 4.

It thus appears that there is no case or controversy here or, viewed differently, that Plaintiff's claims are moot because he is being provided the very procedures he requested. Or, still alternatively, Petitioner is being given an opportunity to exhaust his administrative remedies—including a bond hearing in Immigration Court and, if necessary, an appeal to the Board of Immigration Appeals—such that the Petition should be dismissed on the basis of the prudential exhaustion doctrine. *See, e.g.*, *De La Luz v. Field Off. Dir.*, No. 2:26-CV-3253-BCL-TMP, 2026 WL 3032866, at *1 (W.D. Tenn. Oct. 9, 2026). Petitioner's argument that exhaustion should be excused turns on his belief that he is being subject to mandatory detention; this argument fails because Respondent has confirmed that Petitioner is detained under Section 1226.

The Petition therefore is **DENIED**. Petitioner in Reply asks that this Court retain jurisdiction while he exhausts his administrative remedies, but he offers only speculation that the administrative process will go awry. The Court will not do so, as this request is inconsistent with the habeas remedy and contrary to the respect owed a coordinate branch under the separation of powers (which the prudential exhaustion doctrine serves to protect). *See Luong v. Bullock*, No. 2:26-CV-02448-BCL-ATC, 2026 WL 1537160, at *1 (W.D. Tenn. May 21, 2026).

## CONCLUSION

For these reasons, the Petition for Writ of Habeas Corpus (Doc. 1) and Motion for Temporary Restraining Order (Doc. 2) are **DENIED**.

**IT IS SO ORDERED**, this 21st day of November, 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE